UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| JUDITH A. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV423-153 |
| | ) | |
| LOWE'S HOME CENTERS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The parties' Rule 26(f) Report includes a request that the Court memorialize their Joint Confidentiality Order and Agreement, doc. 15-1, in an Order. Doc. 15 at 5. That request is **GRANTED**, subject to the following modifications:

(1) The Court and its authorized personnel are not parties to the agreement and are not bound by its terms;

(2) Nothing in this protective order shall be construed as relieving any party from the obligation imposed by Local Rule 79.7 to file a motion seeking the sealing of confidential documents; and

(3) Nothing in this protective order shall be construed as limiting the Court's discretion to determine whether evidence should be protected

from public disclosure in contravention of the strong presumption in favor of access to court records.

The parties' agreed-upon terms are as follows:

WHEREAS the parties hereto have been and may be requested to produce or disclose through discovery certain materials and information which they believe to contain confidential, sensitive, or proprietary information and trade secrets which warrant protection pursuant to O.C.G.A. § 9-11-26(c);

AND WHEREAS the parties, while not specifically conceding the privileged or confidential nature of said materials or the consequences of their public disclosure, are being permitted to inspect and obtain said materials and information for use in the course of this litigation; and the parties having consented to the relief herein, and for good cause shown, it is HEREBY ORDERED AND ADJUDGED as follows:

1. All written materials produced or disclosed by any party hereto and marked as "CONFIDENTIAL", or on behalf of any party pursuant to discovery, during pretrial discovery in this action (including, but not limited to, disclosures made pursuant to the Georgia Civil Practice Act, answers to interrogatories, responses to requests for production, and deposition testimony and deposition exhibits) shall be automatically designated as "CONFIDENTIAL" ("Protected Material") and shall be revealed only as

provided herein. By entering this *Confidentiality Order*, the Court does not intend to create any presumption with regard to the actual confidentiality of any material, or to alter the normal burden of proof necessary for obtaining a protective order from the Court. Any dispute between the parties as to the confidentiality of any specific material shall be resolved pursuant to paragraph 2 of this *Confidentiality Order*.

2. If a party hereto contests the assertion that any protected material qualifies as "CONFIDENTIAL" or "SUBJECT TO CONFIDENTIALITY ORDER", pursuant to this *Confidentiality Order*, the contesting party shall notify in writing counsel for the producing or disclosing party and identify the material which is contested. Upon such written notification, the producing or disclosing party shall have thirty (30) days to file a *Motion for Protective*

*Order* with respect to the contested material. The confidentiality of the contested material shall be maintained in accordance with this *Confidentiality Order* until and unless the Court rules that the contested material is not entitled to such protection.

3. A party's attorney may distribute materials protected by this *Confidentiality Order* or share information obtained from materials protected by this *Confidentiality Order* with the following categories of persons and no others, except by further order of the Court:

   a. the parties in this case, including their employees, after the attorney has first received a signed NON-DISCLOSURE AGREEMENT, the form of which is attached hereto and incorporated herein by reference as **Exhibit A**, signed by the person receiving the material or information;

   b. members of the legal or support staff of a party's attorneys;

   c. experts and consultants retained by a party's attorneys to assist in the evaluation, preparation or testimony in this case, after the attorneys have received a signed NON-DISCLOSURE AGREEMENT, the form

    of which is to be agreed upon by the attorneys to this case, signed by the person receiving the material or information;

    d. the Court, the Court's personnel, witnesses at trial and the jury;

    e. representative(s) of the Plaintiff or the Defendants' insurer(s); and

    f. a non-party witness at a deposition, but only after such witness signs the NON-DISCLOSURE AGREEMENT. If the witness refuses to sign the NON-DISCLOSURE AGREEMENT, such witness may be shown the protected document and examined on it, but such document and all testimony relating to such document shall be provided only to those persons otherwise entitled to such protected material pursuant to Paragraph 3(a) through 3(f) of this *Confidentiality Order;* and shall not be retained by such witness.

4. If any document or motion is to be filed with the Court making reference to or appending a document designated as "CONFIDENTIAL" by any party under this *Confidentiality Order*, the party seeking to file, make reference to, or append said document shall request a hearing and seek an Order from the Court to allow the filing of said document under seal. If said party is responding to a motion for summary judgment or other substantive motion and determines that it is necessary to file, reference, or append a document identified as "CONFIDENTIAL", said party shall be entitled to additional

time to respond during the pendency of the party's request for an Order from the Court to allow the filing of said document(s) under seal.

5. Upon the exchange of trial exhibits if a party designates as a trial exhibit a document identified by another party as "CONFIDENTIAL" under this *Confidentiality Order*, the party that designated the document as confidential hereunder expressly reserves all rights to file an appropriate motion with the Court to seek adequate protections relating to the confidentiality of such document; said motions must be filed no later than the Court's deadline for filing motions *in limine* prior to trial and no later than five days before trial. Upon the filing of such a motion, a party may not disclose or submit the "CONFIDENTIAL" exhibit at trial or otherwise until such motion is addressed by the Court.

6. In the event that any person (a) is served with a subpoena in another action; or (b) is served with a demand in another action to which he or she is a party; or (c) is served with any other legal process by one not a party to this litigation seeking protected material, that person shall give prompt written notice of such event to counsel of record for the producing or disclosing party. The producing or disclosing party shall assume responsibility for preserving and prosecuting any objection to the subpoena or demand. The person served shall be obligated to cooperate to the extent necessary to preserve the

confidentiality of the protected material until ruled upon by a court of competent jurisdiction.

7. Should the person seeking access to the protected material take action to enforce such a subpoena, demand, or other legal process, the person so served shall set forth in his response the existence of this *Confidentiality Order* and shall decline access to the protected material in the absence of an order issued by a court of competent jurisdiction. Nothing herein shall be construed as requiring the receiver to challenge or appeal any order requiring production of protected material, or to subject himself to any penalty for noncompliance with any legal process or to seek any relief from the Court.

8. Inadvertent production by any party of protected material, not designated as "SUBJECT TO CONFIDENTIALITY ORDER" or "CONFIDENTIAL", shall not constitute a waiver of its confidential nature. Production of protected material by any party at trial shall not constitute a waiver of the provisions of this *Confidentiality Order*.

9. Nothing herein shall be deemed to limit any party's rights to discovery in connection with this action, or to restrict the prosecution, defense, or settlement of this litigation.

10. The provisions of this *Confidentiality Order* shall not terminate at the conclusion of this action.

11. This *Confidentiality Order* may be modified by the Court *sua sponte* or upon motion for good cause shown.

**SO ORDERED**, this 10th day of August, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA